# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JENNELL WILLIAMS-ZAHIR, )
Individually, and as PERSONAL )
REPRESENTATIVE of the ESTATE OF )
ARIF ZAHIR, )
     )
    Plaintiff, )     C.A. No. N19C-05-116 CEB
     )
    v. )
     )
BAYHEALTH MEDICAL CENTER, INC., )
     )
    Defendant. )

Submitted: September 1, 2023
Decided: December 4, 2023

## ORDER

*Upon Defendant Bayhealth Medical Center, Inc.'s*
*Second Motion for New Trial,*
**DENIED**.

Timothy E. Lengkeek, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware. *Attorney For Plaintiff.*

James E. Drnec, Esquire, Phillip M. Casale, Esquire, Wharton, Levin, Wilmington, Delaware. *Attorneys for Defendant.*

**BUTLER, R.J.**

This is the Court's ruling on Defendant's Second Motion for a New Trial. A jury found Defendant liable for medical negligence and awarded the Plaintiff damages. Defendant moved for a new trial on other grounds, which motion has been denied today by a separate Order of the Court.

1. In this motion, Defendant claims that Plaintiff's counsel made improper comments during closing argument. To provide a little context, Mr. Zahir died on June 9, 2017, at approximately 6 p.m. An EKG was ordered at about 7 a.m. on June 9 and completed at about 10 a.m. that morning. It was stipulated, however, that the EKG was not read by a doctor until June 10, the day after the decedent's death.

2. Trial was filled with much medical and expert testimony over 6 trial days. The parties called a virtual conga line of medical professionals: 13 doctors, one nurse and one physician's assistant.

3. The specific comment by Plaintiff's counsel in rebuttal summation was as follows:

> And what I just can't get over about this case is how can an EKG be ordered for a patient in a bed in a cardiac ICU at 7 o'clock in the morning and not be read for 30 hours, or seen by a doctor for 30 hours, and it's only read after the patient is dead, and it's read consistent with heart attack or pericarditis, how can that be the standard of care. Folks, Mr. Zahir is dead, and he died from an acute myocardial infarction in their hospital. Thank you.[1]

---

[1] Def.'s Second Mot. For A New Trial ¶ 2.

The defense says that in making this argument "Plaintiff's counsel gave the jury a new basis for finding a breach of the standard of care unsupported by expert testimony."[2]

4. In response, Plaintiff's counsel argues that "[h]ighlighting the fact that no doctor, including Doctor Szydlowski, reviewed the EKG at issue for thirty hours and before the patient died was neither a "misstatement" nor improper in light of Dr. Swirsky's testimony that the standard of care required that a myocardial infarction be ruled out on June 9, 2017 based on the EKG done that morning."[3]

5. Had the question whether this comment was consistent with the evidence, as urged by Plaintiff, or improper, as urged by the defense, been put to the Court at the time it was made, the Court would have had to rule whether the argument was improper and/or whether any of the various "cures" for improper argument were appropriate. But whatever might have happened, it did not. Defense counsel remained silent. Counsel let the argument ride, raising it only now, in a motion for a new trial.

6. Because argument about closing statements are so rare in civil cases, there is not an extensive library of case law upon which to draw for reference. In

---

[2] Def.'s Second Mot. For A New Trial ¶ 3.
[3] Pl.'s Opp. to Def.'s Second Mot. for a New Trial 4.

*Koutoufaris v. Dick*, the Court said "[T]he failure of opposing counsel to make a contemporaneous objection deprived the trial judge of the opportunity to deal with the problem when it arose."[4]  But does the failure to object constitute a waiver, barring further consideration?  In *Koutoufaris*, the Court said yes: "[s]uch inaction is deemed a waiver of any resulting error for appellate purposes."[5]

7.    *Medical Center of Delaware, Inc. v. Lougheed*[6] was a medical negligence case with a claim of impropriety in the closing argument.  Again, the Supreme Court said "[a] party must timely object to improper statements made during closing argument in order to give the trial court the opportunity to correct any error."[7]  The Court allowed as how there may be strategic reasons to choose not to object but executing that strategy "generally" constitutes a waiver of the right to raise the issue post-trial.[8]

8.    When is a waiver not a waiver?  When the waiver constitutes "plain error."[9]  The Court said "the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[10]

---

[4] 604 A.2d 390, 400 (Del. 1992).
[5] *Id.* at 400.
[6] 661 A.2d 1055 (Del. 1995).
[7] *Id.* at 1060.
[8] *Id.*
[9] *Id.*
[10] *Id.* (internal citations omitted).

Interestingly, however, when the *Lougheed* Court considered that a closing statement in a civil case might give rise to plain error, the Court cited *only* criminal cases in support of the proposition.[11]

9.     We would be ignoring an important distinction if we accepted that "plain error" in civil case and "plain error" in a criminal case are *in pari materia*.  A discussion of this distinction can be found in *Powell v. AmGuard Ins. Co.*,[12] a civil case that featured a closing argument from plaintiff's counsel that the defendant "stole" from the plaintiff, using "dirty lies" and "filthy business practices," that defendant "lights their cigars" with the amount of money at issue and had a "filthy devotion to money."[13]  None of these comments provoked defense counsel to lodge an objection during the argument, but did provoke a post-trial motion for a new trial, arguing plain error.[14]

10.     The trial court denied the motion for a new trial.[15]  In that Court's view, a plain error standard imposes upon the trial court a duty to act *sua sponte*, a duty that makes sense in criminal cases because of the liberty interests involved, particularly when it is the prosecutor that has made an improper argument.[16]  Civil

---

[11] *Id.*
[12] 2020 WL 996734, at *3 (Del. Super. Mar. 2, 2020).
[13] *Id.* at *3.
[14] *Id.* at *7.
[15] *Id.* at *14.
[16] *Id.* at *8.

disputes do not involve the same interests and a party's non-objection may well be a strategic decision, albeit one that results in a waiver of the objection.[17] The Court therefore rejected relief based upon a plain error analysis.[18]

11. But *Powell v. AmGuard Ins. Co.* is a trial court decision that apparently was not appealed. We do not have clear guidance from our Supreme Court whether "plain error" has a home in civil litigation involving allegations of improper closing arguments. The Defendant here has not defined what takes this particular "error" out of the field of "any other error" that ought to be considered waived when not raised at the time and elevates it to the rare air of "error so prejudicial to substantial rights" as to mandate a new trial.

12. Even if we buy the argument that *Powell* is a bridge too far and plain error analysis is appropriate in otherwise waived objections to closing arguments in a civil case, the Court does not accept that one sentence out of the many, many that were uttered by counsel in this closely contested case jeopardized "the fairness and integrity of the trial process."[19] The Defendant has not made out that case.

13. Defendant does not dispute that the EKG was not read for some 30 hours and thus Plaintiff's counsel's comments were factually accurate. About the

---

[17] *Powell,* 2020 WL 996734, at *8.
[18] *Id.* at *7.
[19] *Lougheed*, 661 A.2d at 1060.

only objection that is arguably on the line is counsel's rhetorical question "how can that be the standard of care?" Had defense counsel risen at that point and objected, the Court might have stricken or limited the comment. But counsel did not. The Court concludes that, on balance, this single statement, in the face of all of the evidence presented by both sides, was not so "clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process" as to require the Court to have acted *sua sponte*.[20] Because there was no objection raised at the time the comment was made, the Court must deem the matter waived.

Defendant's second motion for new trial is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/ **Charles E. Butler**
Charles E. Butler, Resident Judge

---

[20] *Id.*